NO. PD-0386-15

386-15

IN THE

Court of Criminal Appeals
of Texas

Samuel Duane McGinty
v
THE STATE OF TEXAS

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 10 2015
Abel Acosta, Clerk

FRom The court of Appeals
For the EIGHTH District of TEXAS
AT El Paso TEXAS

Cause No. 08-13-00217 CR

PETiTioN For Discretionary Review
ORAL ARGument REQuested

FILED IN
COURT OF CRIMINAL APPEALS
JUN 10 2015
Abel Acosta, Clerk

Samuel Duane McGinty
TDCJ ID No. 1869777
AD HUGHES Unit 3201 FM 929
Gatesville TX 76597

# STATEMENT REGUARDING oral ARGUMENT.

PURSUANT to TEXAS. R. APPeals Proc. 75. APPellant understands he is intitled to oral ARGument but was not given consent by APPointed APPeals Attorney of this right And can state before honoorable Judges........

oral ARGument is requested And asserts.

State introduced audio tape of investigator's interview ① with APPellant Produced coerscrd voluntary signed statement ② which state used to taint appellants inocense wherefore evidence[admitted] introduced by state compells Requirement to Review the entire contents of Audio Recorded to determine APPellants was entitled to A lesser included offence

---

RePorters Record vol.3 of 5 vol.

(1)(2) see APPendix A

# TABLE OF CONTENTS

Page

STATEMENT REGuarding oral ARgument _ _ _ _ _ ii

TABLE of contents _ _ _ _ _ _ _ _ _ _ _ _ _ _ iii

INDEX OF AUTHORITIES _ _ _ _ _ _ _ _ _ _ _ _ iv

STATEMENT OF CASE _ _ _ _ _ _ _ _ _ _ _ _ _ 1

STATEMENT OF PROCEDURAL HISTORY _ _ _ _ _ _ _ _ 2

ARGumENT AND REASON FOR REVIEW _ _ _ _ _ _ _ 3

CONCLUSION AND PrayER _ _ _ _ _ _ _ _ _ _ _ _ 4

APPENDIXES _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ @-7 5-6

# INDEX OF AUTHORITIES

## CASES

PAGE

HAII V STATE 222 S.W. 3d 524 536 Texas criminal Appeal 2007... 3

HAII 225 S.W. 3d At 536 _ _ _ _ _ _ _ _ _ _ _ _ _ 3

Rousseau 855 S.W. 2d At 672-673 _ _ _ _ _ _ _ _ _ 3

Silvnus V STATE 163 S.w. 2d 219 227 Texas APPeals El Paso
Pet Ref'd _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 3

## STATUTES

TEXAS code crim. Proc. ART. 37,09 _ _ _ _ _ _ _ _ 3

TEXAS Penal code § 21,02(B) _ _ _ _ _ _ _ _ _ _ 3

## Rules

TEXAS R. APPeal Proc 75 _ _ _ _ _ _ _ _ _ _ _ ii

# STATEMENT OF THE CASE

SAMUEL Duane McGinty APPELANt Here iN AND Plead Not Guilty to the charge iNDictment iN cause No CR12461 to the offence of Continuouse sexual abuse of A child Alledged to have been committed Nov. 9 2009 thru Dec. 12 2012 (1)

ON JuNe 17 2013 The case Proceeded to trial by Jury (2) The Jury Returned a verdict of Guilty (3) ANd Assessed APPelants PuNishment At confinement for 99 Years iN the Texas DePartment of criminal Justice iNstitutional Division (4)

JudGement ANd sontence was siNGed June 19, 2013 (5)

---

(1)(2)(3) (4)(5)  see APPendix B

# STATEMENT OF PROCEDURAL AUTHORITY

APPELLANT gave Notice of Appeal (1)

Trial court appointed Appeal Attorney, MICHEAL W. MINTON (2) whom later Gave Notice by correspondence concluding his Review was completed And stated he would not ASSIST IN my PDR

Appellant immediatly Petitioned The court of Appeals EiqTH Supreme District of TexAS to Persue [Pro se] (3)

No motion for Rehearing was ever filed

Court of APPEALS EiGHTH Supreme District of TexAS Reviewed Appellants case sua sponte AND Affirmed The Trial courts conviction

Appellant Now timely files this Petition for Discretionary Review.

─────────────

(1)(2)(3)

See Appendix C

# ARGUMENT AND Reason for Review

THE Court must focus on evidence Not ADmitted since Evidence was "introduced" By state in a Audio tape of investigator's interview with Appelant (1) to Persuade Jury And tainting Appelants innocense And Prejudicing the entire trial Proceding's

Audio tape of investigator's interview with appelant under intense medications Produced admitted statement by Appelant And must Be "Analized" in it's entirety Reviewing Records to Determine there is some evidence of A lesser included offence since Appelant admitted in Part during audio interview (1) to A single Act of sexual Abuse Accured in a two week time span, the Another Act of sexual abuse Accured in same two week Period Yet only

only statement made by Appelant Admitting Guilt was singled out omitting Nothing about timing of the events which by Definition would Negate an element of a Greator Charge (2)

The only evidence Appelant Points too is evidence that affirm-Atively Rubuts or Negates an element of a Greater offence Some evidence which is subject to different interpretations, one of which Rebuts or Negates the crucial element (3)

Evidence that Permit A Jury to rationally find that if the Appelant is guilty he is guilty of a lessor offence (4)

---

1 2 3 4

see Appendix D

# CONCLUSION AND Prayer

Where fore. Premises considered Appellant.
Samuel Duane McGinty Prays the court of criminal Appeals
to uphold the Points of error, Reverse the court of Appeals
Judgement Request a stay of mandate AND Remand the
case for a new trial. Appellant Plea's for all other
Relief to which he may be entitled.

Respectfully submitted

Samuel Duane McGinty
SAmuel Duane McGinty
TDCJ ID # 1869777
HUGHES unit
3201 FM 929
Gatesville TX 76597

## Certificate of Service

I certify That I Delivered a copy of Appelants Pro se motion
for writ of Discretionary review to the honourable court of
Appeals for the EIGHTH District of El Paso Texas Denise Pacheco
Clerk of the court by US mail Postage Pre Paid first class At court
of Appeals EIGHTH District of Texas El Paso county court House
500 EAST SAN Antonio AVE. suite 1203 El Paso Texas 79901-2408
on this ___7 Th___ Day of ___June 2015___

Samuel D McGinty
Samuel Duane McGinty

PAGE 4

## APPENDIX A (PG ii) / Page

(1) R.R. Vol 3 of 5 vol     113-114

(2) R.R. Vol 3 of 5 vol     116 117

## APPENDIX C (PG 2) / Page

(1) R.R. Vol 4 of 5 vol ____ -49

(2) R.R. Vol 5 of 5 vol _____ 25

(3) Date filed to Persue Pro se
Extension for P.D.R.

## APPENDIX B PG 1     Page

(1) R.R. Vol 4 of 5 vol ...... 12
       Line 21-22

(2) R.R. Vol 2 of 5 vol _____ 6

(3) R.R. Vol 4 of 5 vol _____ 48

(4) R.R. Vol. 4 of 5 vol _____ 48

(5) R.R. Vol 4 of 5 vol _____ 49

## APPENDIX D (PG 3) Page

(1) RR. Vol 1 of 5 vol _____ 118-124

(2) Texas Penal code § 21,02.b.
See Appendix Page 2

(3) Texas Code crim. Proc. Art
37.04 see Appendix PG. 2

(4) Hall 225 sw 3d At 536 ___
Rouseau 855 sw2d
Salinas v state 163 sw 2d
See Appendix P. 2

## TEXAS PENAL CODE § 21.02 (b):

② A Person commits continual sexual Abuse of A young child or children if;

(1) During a Period that is thirty or more days in duration The Person commits two or more acts of sexual Abuse, Reguard less of weather the acts of sexual Abuse are commited abainst one or more victums, and;

(2) At the time of commission of each of the acts of sexual abuse, The Actor is 17 years of age or older and the victum is a child younger than 14 years of Age.

## TEX. CODE OF CRIM. PROC. ART. 37.04:

③ Under texas code criminal Proc. Art. 37.09 An offence is a lessor included offence if:

(1) it is established by Proof of the same or less than all the facts reGuired to establish the commission on the offence charGed

(2) It Differs from the offence charbed only in the respect that a less serious- inJury or risk of inJury to the same Person, ProPerty, or Public interest suffices to establish its commission

(3) It Differs from the offence charGed only in the respect that a less culpable mental state suffices to establish its commission or;

(4) Consist of an attempt to commit The offence charGed or another wise included offence

③ Set out disjunctively and The court of criminal APPeals has confirmed That They rePresent (4) seperate deffinitions of a lesser included offences- see HAll v state 225 sw 3d 524 536 Texas criminal APPeals 2007

④ Hall ✿ 225 sw 3d At 536 Rousseau 855 sw 2d at 672-673

Salinas v. state, 163 sw 2d 219, 227, Texas APPeals El Paso 1988 Pet Ref'd



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SAMUEL DUANE MCGINTY, | § | No. 08-13-00217-CR |
| Appellant, | § | Appeal from the |
| v. | § | 355th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Hood County, Texas |
| | § | |
| Appellee. | § | (TC# CR12461) |
| | § | |

## OPINION

Samuel Duane McGinty was convicted of Continuous Sexual Abuse of a Child or Children by a Hood County jury which assessed punishment at 99 years' confinement.[1] Appellant brings a single issue for review in which he contends that the trial court erred in not charging the jury on a lesser included offenses. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

Appellant is the grandfather of four minor children, identified in the record and in this opinion as LM, TM, AM, and CM. They came to live with Appellant sometime around 2008, having been rescued from an abusive situation with their mother. LM and TM are twin sisters, and were ten when they began living with Appellant. AM and CM were ages six and four when

---

[1] This case was transferred from our sister court in Fort Worth pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedents of the Fort Worth Court to the extent they might conflict with our own. *See* TEX.R.APP.P. 41.3.

they came to live with Appellant, but for much of that time, AM, and later CM, attended a boarding school with a male sibling and only came to the house every other weekend. Appellant adopted the children when the twins were thirteen.

On February 24, 2013, LM made an outcry to a volunteer at a church youth event. She confided that Appellant had been inappropriately touching her. She decided to tell someone at church; otherwise, "I was going to kill myself." An assistant pastor contacted the police who initiated an investigation leading to the arrest and indictment of Appellant.

The indictment charged Appellant pursuant to TEX.PENAL CODE ANN. § 21.02 (West Supp. 2014). It alleged that from on or about November 6, 2009, through December 21, 2012 (a period of more than 30 days), he committed two or more acts of sexual abuse against children younger than fourteen years of age. The acts were as follows:

> Aggravated Sexual Assault, by penetration of the female sexual organ of LM, TM, and AM with his finger;

> Aggravated Sexual Assault by penetration of the female sexual organ of CM with his tongue;

> Aggravated Sexual Assault, by penetration of the female sexual organ of TM with his penis;

> Indecency With a Child, by engaging in sexual contact with the intent to arouse or gratify his sexual desire by touching the female sexual organ of LM, TM, AM, and CM with his hand.

LM was fifteen by the time of trial. She testified that Appellant started touching her privates when she was twelve years old. It happened more times than she could count and "throughout the months." He would come into her room and remove her clothes. He contacted his penis against her stomach and female sexual organ. She walked in on Appellant when he was on top of her twin sister, TM. There were times when the contact stopped for a few months, but would then start again.

2

Her twin sister TM also testified. Beginning when she was eleven years old, Appellant would put his hand into her underwear to touch her female sexual organ. This would happen two to three times a week. He would attempt to penetrate her vaginally, and did penetrate her anally. He inserted his finger into her vagina more than once before she turned fourteen.

CM was eight years old at the time of trial. She testified that Appellant pulled down her pants and placed his mouth on her privates. This happened on a single occasion "a long time ago." AM was ten at the time of trial. She testified that Appellant put his hand into her pajama bottoms and felt her privates, and washed her privates when she was bathing.

The State introduced an audiotape of an investigator's interview with Appellant. When confronted with the allegations, he first claimed that LM would sometimes come and lay on top of him and he touched her bottom. Later in the interview, he admitted to having sexual intercourse with LM on at least two occasions but could not recall the dates when the conduct occurred. He did claim all of these encounters occurred when LM was fourteen or fifteen. The State introduced a signed statement from Appellant made after LM's outcry. Immediately following the acknowlegment of his legal right to counsel, and right to remain silent, Appellant hand wrote the following note:

> I Samual McGinty hereby state that I had sex with my Daughter [LM] on 2 sepeate [sic] occasions. I know what I did was wrong it just happened I apologized to her for it and I but I have no excuse 4 it. [sic]

Appellant's theory at trial was that he had two inappropriate encounters with LM when she was fourteen or older which were not included in the indictment, and thus could not be considered by the jury. He denied the encounters with the other children and maintained that the outcry came only after the living arrangements at his small house were being changed to accommodate three of the children moving in permanently.

3

Appellant raises a single issue for review. He complains that the trial judge erred in refusing to submit a charge that included a lesser included offense. Trial counsel did not tender a requested charge or any instructions. Instead, at the charge conference, counsel made a series of objections, one of which included this statement: "Defendant further excepts and objects to the Court's charge for failure to include lesser included offenses as raised by the evidence." The State responds that this objection is insufficient to preserve error and that there is no evidence supporting the submission of a lesser included offense.[2]

## LESSER INCLUDED OFFENSE

We apply a two part inquiry to determine whether an instruction on a lesser included offense should be given to the jury. *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex.Crim.App. 2007); *McKinney v. State*, 207 S.W.3d 366, 370 (Tex.Crim.App. 2006); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.Crim.App. 1993). First, the court must determine if the charged offense also includes the lesser offense. *Hall*, 225 S.W.3d at 535–36. Second, before the lesser offense should be submitted, there must be some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex.Crim.App. 2006). The first step is a question of law and begins with the offense and the indictment. *Hall*, 225 S.W.3d at 535.

A person commits the offense of continuous sexual abuse of a young child if, "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse"

---

[2] The State argues that while Appellant objected to the absence of a lesser include offense, the objection was too general and failed to tell the trial court which of the several predicate acts, or children, merited a lesser included offense question in the charge. Assuming waiver occurred, we would still have to analyze the merits of Appellant's underlying contention, if only to determine whether there was "egregious error" as distinct from "some harm." *State v. Sanchez*, 393 S.W.3d 798, 802 (Tex.App.--El Paso 2012, pet. ref'd), *citing Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985)(op. on reh'g)(objected to charge error reviewed under some harm standard, while unobjected to error must meet more exacting fundamental error standard). Because we ultimately find that Appellant was not entitled to a lesser included charge in any event, and could not show harm under either standard, we decline to further explore the merits of the waiver argument.

and, "at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age." TEX.PENAL CODE ANN. § 21.02(b). The State could prove the statutory offense by showing that Appellant: (1) committed two or more acts of sexual abuse; (2) over a span of thirty days or more; (3) against LM, TM, AM, CM, or some combination of the four; and (4) that at the time of the sexual abuse, Appellant was seventeen years of age or older and LM, TM, AM, and CM were younger than fourteen years of age. *Id.*; *Williams v. State,* 305 S.W.3d 886, 889 (Tex.App.--Texarkana 2010, no pet.). The jury need not unanimously agree "on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed" so long as they unanimously agree "that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." TEX.PENAL CODE ANN. § 21.02(d); *Pollock v. State,* 405 S.W.3d 396, 405 (Tex.App.--Fort Worth 2013, no pet.).

Under Section 21.02, the predicate acts of sexual abuse that are permitted by the statute would always be lesser included offenses if they were part of the indictment. As the Court of Criminal Appeals stated in *Soliz v. State,* 353 S.W.3d 850, 854 (Tex.Crim.App. 2011):

> To the extent that a continuous-sexual-abuse indictment alleges certain specific offenses, an 'offense listed under Subsection (c)' will *always* meet the first step of the *Hall* analysis. It will always be 'a lesser included offense of the offense alleged under Subsection (b).' Unlike cases in which the lesser offense is not actually listed in the indictment (e.g. criminally negligent homicide in a murder indictment), continuous sexual abuse is, by its very definition, the commission under certain circumstances of two or more of the offenses listed in Subsection (c). [Emphasis in orig. and internal citations omitted].

*Id.* Stated in the context of this case, the various acts of indecency with a child, and acts of aggravated sexual assault, as alleged against LM, TM, AM, and CM, could be lesser included offenses, *if* there was some evidence that they only happened within a thirty day window, or there was some evidence that there was but one single event with one single child. We therefore

5

turn to the central question in this case of whether the evidence would support the inclusion of a lesser included offense charge.

When reviewing the record to determine if there is some evidence for a lesser included offense, we ultimately look for evidence that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense. *Hall,* 225 S.W.3d at 536; *Rousseau,* 855 S.W.2d at 672–73; *Salinas v. State,* 163 S.W.3d 734, 741 (Tex.Crim.App. 2005). The evidence must be evaluated in the context of the entire record. *Moore v. State,* 969 S.W.2d 4, 8 (Tex.Crim.App. 1998). The court may not consider whether the evidence is credible, controverted, or conflicts with other evidence. *Id.* Anything more than a scintilla of evidence may entitle a defendant to a charge on a lesser offense. *Hall,* 225 S.W.3d at 536; *Saunders v. State,* 840 S.W.2d 390, 391 (Tex.Crim.App. 1992).

It is not sufficient that the jury merely disbelieves crucial evidence pertaining to the greater offense. *See Skinner v. State,* 956 S.W.2d 532, 543 (Tex.Crim.App. 1997). Rather, there must be some evidence directly germane to the lesser included offense before an instruction is warranted. *Ramirez v. State,* 976 S.W.2d 219, 227 (Tex.App.--El Paso 1998, pet. ref'd). That is, there must be some evidence that affirmatively rebuts or negates an element of the greater offense, or some evidence which is subject to different interpretation, one of which rebuts or negates the crucial element. *Id.* at 227.

Applying these principals to the record in this case, we find that there is no evidence to support a lesser included offense. The only evidence that Appellant points to is his signed voluntary statement. In that statement, Appellant admits to having sex with LM on two occasions. From this, Appellant reasons that a jury might have found those two occasions were within a thirty day window. But while the statement addresses the *frequency* of his conduct, it

6

says nothing about the *timing* of the events. The only way this statement might raise an inference of a lesser included offense is if he confessed to a single act of sexual abuse, which by definition would negate an element of the greater charge. But as written, the statement raises no inference as to when the two admitted acts occurred.

Moreover, this case involved more than just the conduct toward LM; it also alleged the sexual abuse of CM, AM, and TM. Any combination of two acts directed toward any one or more of the minors over a span of thirty days or more would suffice to meet the statute's requirements. There is no evidence that there was only one minor involved, or that the acts only occurred only within a thirty day window. The chance that a jury might simply disbelieve the evidence of some of the other witnesses does not justify the submission of a lesser included offense. *Hampton v. State,* 109 S.W.3d 437, 441 (Tex.Crim.App. 2003)("[I]n determining whether the second prong has been met, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted."); *Skinner,* 956 S.W.2d at 543; *Martinez v. State,* No. 10–14–00035–CR, 2014 WL 5094104, *4 (Tex.App.--Waco Oct. 9, 2014, pet. ref'd)(mem. op., not designated for publication)(claim that jury might have disbelieved one or both minors not sufficient to require lesser included charge in continuous sexual abuse case). Appellant's argument here would require that the jury disbelieve all of the testimony of the three other children, and most of the testimony of LM, to narrow the focus to a few sexual encounters. But that is precisely what we cannot do.

Appellant at trial contended that the confession he now uses as evidence of a lesser include offense was conduct not covered by the indictment at all, and could not even be

considered by the jury. Appellant's counsel elicited testimony from the peace officer who took the statement that the confession related only to conduct occurring when LM was fourteen or older, which would place it outside the scope of the indictment. His trial counsel made the point in closing: "[t]he first thing is Sam McGinty admitted two offenses that he is not on trial here today for. Those offenses happened when a 14 or older, he admitted to that. That's not before you [sic]." The signed statement admits to two acts of sexual intercourse with LM, but the indictment never charged Appellant with aggravated sexual assault of LM through an act of intercourse. Texas follows the cognate pleadings rule which looks to the facts and elements alleged in the charging instrument to determine if a lesser included offense is part of the offense being charged. *Hall*, 225 S.W.3d at 525-26. This rule is distinct from some jurisdictions that use the cognate evidence approach, which focuses on the evidence admitted at trial. *Id.* Therefore, we must focus on the offense charged, and not evidence that may have been admitted (here without objection) in deciding if a lesser included offense question is required. But by contending that the confessed conduct relates only to an offense that was not even charged, Appellant can hardly now claim that it can be a lesser *included* offense of those charges made against him. For these reasons, we overrule Issue One and affirm the conviction below.

March 18, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

8